**In the Matter of Wayne SALSBURY, Debtor.**

**FORD MOTOR CREDIT CO., Plaintiff,**

v.

**Wayne SALSBURY, Defendant.**

**Bankruptcy No. 81–01040.**

**Adv. No. 81–0358.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Sept. 30, 1982.

Steven W. Moulton, Bellairs, Dean, Cooley & Siler, Flint, Mich., for plaintiff.

Raymond C. June, Flint, Mich., for defendant/debtor.

MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

*Findings of Fact*

The facts in this adversary proceeding are concise and not in dispute. On or about December 28, 1978, Wayne Salsbury, (Debtor), purchased a new 1979 Ford Bronco station wagon, bearing Vehicle Identification No. U15HLDF1441 ("Bronco"), from a local Ford Motor Company dealership. Debtor financed the purchase of the Bronco and executed and delivered to the dealership a retail installment sales contract dated December 28, 1978 which properly described the Bronco. The dealership assigned the contract to Ford Motor Credit Company, ("FMCC"), and pursuant to the terms of the contract, FMCC was granted a secured interest in the vehicle.

In order to perfect its secured interest in the Bronco, FMCC submitted to the Michigan Secretary of State's Office on December 28, 1978, an application for issuance of a certificate of title ("Form RD–108"), to indicate its status as a first secured party. Shortly thereafter, a carbon copy of the Form RD–108, stamped in the upper right-hand corner showing receipt by the Michigan Secretary of State's Office, was received by FMCC.

The debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Reform Act of 1978 ("Code") with this Court on October 5, 1981. The accompanying schedules which were filed with the petition for relief listed FMCC as a secured creditor with a secured interest in the Bronco.

On October 13, 1981, after receiving the notice to creditors, a proof of claim was timely filed on behalf of FMCC in the amount of $5,336.33, the balance owing on

the contract. FMCC attached to its proof of claim a copy of the contract as well as a copy of the Form RD–108.

Although there is no dispute as to the amount owing to FMCC, nor any objection to its claimed status as a secured creditor with a secured interest in the Bronco, counsel for the debtor has objected to the allowance of the proof of claim as a secured claim on the basis that the claim was not properly documented on or before the first date set for the first meeting of creditors. On the otherhand, it is the position of FMCC that the copy of the retail installment contract and Form Rd–108 attached the proof of claim are satisfactory evidence to establish its perfected secured interest in the Bronco, and accordingly, its claim should be allowed as a secured claim in this Chapter 13 proceeding.

*Issue*

The sole question presented for the Court's determination can be succinctly stated as follows: Is a timely filed proof of claim to which there is attached a copy of the security agreement and Form RD–108, showing receipt by the Michigan Secretary of State's Office, satisfactory evidence, in a Chapter 13 proceeding, of a creditor's secured interest in the collateral identified in the security agreement and perfection of the said security interest, such that the claim should be allowed as a secured claim?

*Discussion of Law*

The requirements for the filing and allowance of a secured proof of claim are set forth in Rules 13–301 and 13–302 of the Bankruptcy Rules of Procedure. Section 405 of the Bankruptcy Reform Act of 1978 provides that the existing rules of bankruptcy procedure shall remain effective during the transition period to the extent that they are not inconsistent with the Bankruptcy Code, until such rules are repealed or superseded. Rules 13–301 and 13–302 have not been repealed or superseded, and therefore, remain effective.

Rule 13–301(b) reads in its entirety:

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity in the amount of the claim, but any creditor may be required by the court to establish, by affidavit or in such other manner as the court may require, before allowance of the claim, that it is free from any charge forbidden by applicable law.

Rule 13–302(c) reads in its entirety:

When a claim, or an interest in property of the debtor securing the claim, is founded on a writing, the original *or a duplicate* shall be filed with a proof of claim unless the writing has been lost or destroyed. If loss or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. *If a security interest is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected.* (Emphasis added.)

Therefore, the very limited question presented under the facts of this case is whether the attached copies of documents to FMCC's proof of claim are "satisfactory evidence that the security interest has been perfected." In essence, FMCC takes the position that it has fulfilled the "satisfactory evidence" standard; whereas the debtor takes the position that the only way in which to comply with the "satisfactory evidence" standard is to attach to the proof of claim either a certified copy of the Form RD–108 or a copy of the actual title bearing the name of the secured party.

Neither the Bankruptcy Code, the Rules of Bankruptcy Procedure, nor case law definitively set forth the parameters of the "satisfactory evidence" standard of perfection. However, the Advisory Committee's Note to Rule 13–302 does provide the legislative intent behind the "satisfactory evidence" standard as follows:

'Satisfactory evidence' of perfection, which is to accompany the proof of claim, *would include a duplicate of the instrument filed or recorded together with an indication of the date or dates when and the office or offices where filed or recorded,* a duplicate of a certificate of title when a security interest is perfected by notation on such a certificate, a state-

ment that pledge property has been in the possession of the secured party since a specified date, or a statement of the reasons why no action was necessary for perfection. (Emphasis added.) *See also* 3 *Collier on Bankruptcy,* ¶ 50.78 (15th Ed.).

Clearly, based on the congressional intent quoted above, a copy of the document necessary to evidence a validly perfected security interest is all that is required to satisfy Rule 13–302. Under Michigan law, it is like-wise clear that FMCC has taken all steps necessary to perfect its interest in the Bronco. The applicable Michigan statute with respect to recording a security interest in a motor vehicle reads as follows:

> An owner of a vehicle subject to registration under this act shall make application to the Secretary of State for the registration of the vehicle and issuance of a certificate of title for the vehicle accompanied by the required fee upon an appropriate form furnished by the Secretary of State. An application for certificate of title shall bear the signature of the owner written with pen and ink. The application shall contain all of the following:

> .    .    .    .    .

> (c) a statement of the applicant's title and the names and addresses of the holders of security interests in the vehicle and an accessory to the vehicle, in the order of their priority. M.C.L.A. § 257.217.

The form referred to in M.C.L.A. § 257.-217 is the Form RD–108 which was attached to FMCC's timely filed proof of claim. Therefore, when the Form RD–108 was submitted on behalf of FMCC and was accepted by the Secretary of State's Office, FMCC had fully complied with all the steps necessary to properly perfect its security interest in the Bronco. Further, by attaching a copy of the Form RD–108 to its proof of claim in the Chapter 13 proceeding which indicated that it had actually been received by the Secretary of State's Office, FMCC had complied with Rules 13–301 and 13–302. Accordingly, FMCC must be treated as a properly filed secured creditor in this Chapter 13 proceeding.

*Conclusion*

Based on the foregoing findings of fact and discussion of law, it is the considered opinion of this Court that FMCC not only took all steps necessary to perfect its secured interest in the Bronco pursuant to state law, it also fully complied with all applicable requirements for filing a timely secured proof of claim in this Chapter 13 proceeding. As a result, FMCC is entitled to share in the distributions from this estate as a secured creditor to the extent of the fair market value of the collateral.

A separate order shall be entered by this Court in compliance with this Memorandum Opinion and Rule 921 of the Rules of Bankruptcy Procedure.